

**U.S. Department of Justice**

**United States Attorney's Office**
**Western District of Wisconsin**

*Telephone 608/264-5158*
*TTY 608/264-5006*
*Administrative Facsimile 608/264-5183*
*Civil Division Facsimile 608/264-5724*
*Criminal Division Facsimile 608/264-5054*

*Address:*
*222 West Washington Avenue*
*Suite 700*
*Madison, Wisconsin 53703*

November 1, 2017

Attorney Peter Moyers
Federal Defender Services of Wisconsin, Inc.
22 East Mifflin Street, Suite 1000
Madison, WI 53703

      Re:    *United States v. Edmund J. Brixen*
              Case No. 17-cr-00065-wmc

Dear Attorney Moyers:

      This is the proposed plea agreement between the defendant and the United States in this case.

      1.     The defendant agrees to plead guilty to Count 2 of the indictment in this case. This count charges a violation of Title 18, United States Code, Section 2251, which carries a mandatory minimum penalty of 15 years in prison and maximum penalty of 30 years in prison, a $250,000 fine, a period of supervised release of at least five years and up to life, a $100 special assessment, a mandatory $5,000 special assessment unless the defendant is found indigent, and the entry of an appropriate restitution order. If the defendant has one prior conviction as described in 18 U.S.C. § 2251(e), the penalties related to prison time increase to a mandatory minimum penalty of 25 years in prison and a maximum penalty of 50 years in prison; if the defendant has two prior convictions as described in § 2251(e), the penalties related to prison time increase to a mandatory minimum penalty of 35 years in prison and a maximum penalty of life in prison. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional term of imprisonment pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing. The defendant understands that the Court will enter an order pursuant to 18 U.S.C. § 3013 requiring the immediate payment of the special assessment. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment as ordered by the Court.

      2.     The defendant acknowledges, by pleading guilty, that he is giving up the following rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel—and if necessary have the Court appoint counsel—at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine

November 1, 2017
Page 2

adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify
and present evidence; and (g) to compel the attendance of witnesses.

3.      The defendant understands that upon conviction, if he is not a United
States citizen, he may be removed from the United States, denied citizenship, and
denied future admission to the United States. The defendant nevertheless affirms that
he wants to plead guilty regardless of any removal and immigration consequences that
his plea may entail, even if the consequence is automatic removal from the United
States.

4.      The defendant has filed a motion to suppress evidence in this case,
docketed as #17. That motion is currently pending. Subject to the Court's consent, the
United States consents, pursuant to Rule 11(a)(2), Federal Rules of Criminal Procedure,
to the defendant pleading guilty conditionally, reserving the right to have the Court of
Appeals review any adverse determinations of his motion. If the District Court
ultimately grants the defendant's motion docketed as #17, the United States agrees that
he may then withdraw his plea. In addition, consistent with Rule 11(a)(2), if the
defendant prevails on appeal, he may also then withdraw this plea.

5.      The defendant acknowledges, after consultation with his attorney, that he
fully understands the extent of his rights to appeal the conviction and sentence in this
case. By his signature below, the defendant knowingly and voluntarily waives all rights
other than those set out in Paragraph 4, including those conferred by 18 U.S.C. § 3742,
to appeal his conviction and any sentence of imprisonment within the advisory
sentencing guideline range as determined by the Court at sentencing, including any
issues with respect to the calculation of the advisory sentencing guideline range or the
reasonableness of the sentence imposed.

6.      The defendant agrees, that while not pleading guilty to the additional
charges in the indictment, the conduct which serves as the basis for the remaining
counts did occur and he is responsible for it. Pursuant to USSG §1B1.2(c), the parties
stipulate that the commission of these additional offenses shall be treated as is the
defendant had been convicted of additional counts charging those offenses.

7.      The United States agrees that this guilty plea will completely resolve all
possible federal criminal violations that have occurred in the Western District of
Wisconsin provided that both of the following conditions are met: (a) the criminal
conduct relates to the conduct described in the indictment; and (b) the criminal conduct
was known to the United States as of the date of this plea agreement. This agreement
not to prosecute is limited to those types of cases for which the United States Attorney's
Office for the Western District of Wisconsin has exclusive decision-making authority.
The defendant also understands that the United States will make its full discovery file
available to the Probation Office for its use in preparing the presentence report. The

November 1, 2017
Page 3

United States also agrees to move to dismiss the remaining counts of the indictment at the time of sentencing.

8.      The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, give the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement, and the defendant's efforts to make the agreed-upon immediate restitution payments. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct which is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing which is inconsistent with acceptance of responsibility. ~~This recommendation is contingent on the defendant signing this plea letter on or before November 10, 2017.~~ *PRM*

9.      The defendant understands that restitution in this case is governed by 18 U.S.C. § 2259. The exact restitution figure will be agreed upon by the parties prior to sentencing or, if the parties are unable to agree upon a specific figure, restitution will be determined by the Court at sentencing. The defendant further agrees that the full amount of restitution is due and payable immediately. Defendant acknowledges that immediate payment means payment in good faith from the liquidation of all non-exempt assets beginning immediately.

10.      The defendant agrees to complete the enclosed financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant also authorizes the U.S. Attorney's Office to run the defendant's credit report. The defendant also agrees that the probation office may disclose to the United States the net worth and cash flow statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents. Finally, the defendant understands, as set forth in Paragraph 8 above, that the United States' agreement to recommend a reduction for acceptance of responsibility will be based, in part, on the defendant's full and truthful accounting, and efforts to make the agreed-upon immediate restitution payments.

11.      The defendant agrees not to file a claim to any property in any civil, administrative or judicial proceeding, which has already been initiated or which may be initiated in the future, including the forfeiture of the electronics seized by the Altoona Police Department on May 31, 2017 and August 25, 2017. The defendant agrees to waive all time limits and his right to notice of any forfeiture proceeding involving this

November 1, 2017
Page 4

property. The defendant further agrees not to file a claim or assist others in filing a claim or attempting to establish an interest in any forfeiture proceeding.

12.    The defendant agrees that he is the sole owner of all the property listed above, and agrees to hold the United States, its agents, and employees harmless from any claims in connection with the seizure or forfeiture of property covered by this agreement.

13.    The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

14.    The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as property facilitating illegal conduct.

15.    In the event any federal, state, or local law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value, the defendant hereby abandons any interest he has in the property and consents to the destruction or any other disposition of the property by the federal, state, or local agency without further notice or obligation owing to the defendant.

16.    In the event of an appeal by either party, the United States reserves the right to make arguments in support of or in opposition to the sentence imposed by the Court.

17.    The defendant understands that sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States.

18.    If your understanding of our agreement conforms with mine as set out above, would you and the defendant please sign this letter and return it to me. By his

November 1, 2017
Page 5

signature below, the defendant acknowledges his understanding that the United States
has made no promises or guarantees regarding the sentence which will be imposed.
The defendant also acknowledges his understanding that the Court is not required to
accept any recommendations which may be made by the United States and that the
Court can impose any sentence up to and including the maximum penalties set out
above.

19.     By your signatures below, you and the defendant also acknowledge that
this is the only plea agreement in this case.

Very truly yours,

JEFFREY M. ANDERSON
Acting United States Attorney

11-21-17

Date

By: _____
ELIZABETH ALTMAN
Assistant United States Attorney

PETER MOYERS
Attorney for the Defendant

11-20-17

Date

EDMUND J. BRIXEN
Defendant

11-20-2017

Date

Enclosure