UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    *Plaintiff*,

*vs.*                                              Case No.   17-cr-65-wmc

EDMUND J. BRIXEN,

    *Defendant*.

---

**SENTENCING MEMORANDUM**

Edmund J. Brixen, by counsel, files this sentencing memorandum in support of a 180-month sentence. It satisfies the two driving goals here: specific deterrence and public protection. He's a 32-year-old man whose longest prior prison term was 2 years. His federal prison term will punish him to an extent he can't yet comprehend. Meanwhile, a 15-year term will keep him away from the community until he's approaching 50 years-old. Anything longer is greater than necessary to achieve these driving goals.

The defense will briefly address the guidelines range before discussing the sentencing goals. A sentencing range of 30 years to life is unmoored from Brixen's personal history, circumstances, criminal past, and offense conduct. The actions that bring him before the Court are vile. But he isn't among the worst of the worst;

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC

he isn't the outlier offender for whom only the longest determinate sentence is appropriate. And he shouldn't be sentenced as if he were.

Instead, Brixen's sentence should aim to specifically deter him. Brixen isn't a hardened criminal; he hasn't shown that prison time of any length won't deter him. And that's because he's never served a lengthy term. Between August 2003 and his arrest date in June 2017, Brixen spent approximately 5 years combined in jail or prison.[1] His longest single term was two years—from June 2005 to June 2007.

To be sure, it's clear that neither the two-year term nor the combined five years' incarceration have deterred him. But a 15-year term in federal prison will be different in kind from his experience in the Wisconsin Department of Corrections. He'll have years-upon-years of time to reflect on the choices that put him there. Indeed, a 15-year term is just under half of his lifetime thus far. That is, his federal prison term would be half again as long as the period that he's already been alive.

Put differently, there are offenders for whom the specific deterrence goal is quixotic. For these offenders, public protection may justify sentences of 20, 25,

---

[1] Attached as Exhibit A is Brixen's Movement Report from the Wisconsin Department of Corrections. When the Movement Report and the Presentence Report are read together, it shows that beginning in August 2003, Brixen served 15 months in jail for his conviction described in paragraph 91 of the presentence report. He was then incarcerated from June 2005 to June 2007; from January 2008 to November 2008; December 2009 to January 2010; July 2011 to February 2012; and from September 2012 to December 2012.

even 30 years. Brixen isn't among them because re-offending, as he has, after a two-year prison term isn't strong enough evidence that 15 years won't deter him.

The public protection factor should account for Brixen's history with the state criminal justice system. He's is not an offender whom the state courts couldn't or wouldn't punish. The suggestion that Brixen has eluded, or been under-punished by, the state criminal justice system for the past 15 years isn't plausible.

It's not plausible because, despite many opportunities to do so, no state court judge has chosen to impose a lengthy sentence—either initially or upon revocation. Each of the following judges has either initially sentenced Brixen or imposed a revocation sentence or both: Burnett County Circuit Judges Kenneth Kutz and Melissia Mogen; Washburn County Circuit Judge Eugene Harrington; Sawyer County Circuit Judge Gerald Wright (now retired); and then-Burnett County Circuit Court Judge Michael Gabelman (now Associate Justice of the Wisconsin Supreme Court). Like all judges, they care about their communities; after all, they live and raise their children among the offenders they sentence. And as elected officials, they have an incentive to keep voters safe.

No doubt it's possible that one judge under-punished Brixen. But it's not plausible that all five judges, some on multiple occasions, missed the mark with him. The better inference is that, just like federal district court judges, these state court judges rendered sentences after careful and thoughtful consideration. And

none of these sentences has been long enough to suggest that the state court judge concluded that Brixen is an inveterate danger to the community.

Unlike the state courts in years past, the Court has additional information those courts did not: Brixen's present offense conduct. And that conduct explains why a 5 or 10-year sentence isn't sufficient to protect the public. But 15 years is sufficient.

Dated at Madison, Wisconsin, this March 6, 2018.

Respectfully submitted,

*/s/ Peter R. Moyers*
Peter R. Moyers
Counsel for Edmund Brixen

FEDERAL DEFENDER SERVICES
 OF WISCONSIN, INC.
22 East Mifflin Street, Suite 1000
Madison, Wisconsin 53703
Tel: 608-260-9900
Fax: 608-260-9901
peter_moyers@fd.org